GARRISON, Judge.
This is an appeal from a judgment of the district court, granting judgment in favor of the defendant, Yosemite Insurance Co. and against the plaintiffs, Marie Hymes Prevost, wife of/and Maurice Prevost, and intervenor, Admiral Insurance Company, dismissing their case on the grounds that a policy issued by the defendant to insure plaintiffs’ home at 3116 Dumaine Street, New Orleans, against various losses, including fire loss, was cancelled prior to a fire which occurred at the home on January 19, 1976. From that judgment which we now reverse in part, plaintiffs and intervenor appealed.
The threshold issue to be addressed by this court is the question of cancellation. All parties presented evidence on the factual questions of whether the notice of cancellation was received and/or mailed, as well as, whether excess premiums were refund *224 ed. The issue is resolved, however, not on a question of fact, but on a point of law.
The Yosemite policy contains the following “Amendatory Cancellation and Non-Renewal Endorsement:”
“2. CANCELLATION OF POLICIES IN FORCE FOR 60 DAYS OR MORE AND RENEWAL POLICIES.
If this policy:
(a) has been in force for 60 days or more; or
(b) if this is a renewal policy issued by this Company, effective immediately;
it may be cancelled by this Company for one or more of the following reasons and then only by mailing or delivering to the insured written notice stating when, not less than 30 days thereafter, such cancellation shall be effective:
(1) This policy was obtained through material misrepresentation, fraudulent statements, omissions or concealment of fact material to the acceptance of the risk or to the hazard assumed by this Company:
(2) There has been a substantial change in the risk assumed by this Company since the policy was issued, or
(3) Willful and negligent acts or omission by the insured have substantially increased the hazards insured against.”
The policy was contracted on October 22, 1975, and was in effect for sixty days on December 21, 1975, which is the sixty-first day. The notice of cancellation was mailed on December 31,1975, hence the cancellation could not be effective until 31 days after the date of mailing or until January 31,1976. The fire, occurring on January 19, 1976, fell within a time period during which Yosemite could not have can-celled under the terms of its own contract.
Turning to the procedural aspects of the instant appeal, we note that the following actions were taken. On January 4, 1977, the Prevosts sued Yosemite on their contract of insurance. On August 31, 1977, Yosemite third-partied Insurance Brokers & Managers, Inc. and Graci Insurance Agency, Inc., alleging active negligence on their part in failing to properly cancel the contract. On October 24,1977, Admiral Insurance intervened for $12,450.00, alleging that it had paid that amount to the mortgage-holder, Pennamco, that Pennamco had credited that amount to the Prevosts, and that the Prevosts had assigned their rights to the first $12,450.00 to Admiral.
The judgment of the district court properly dismissed the actions against Insurance Brokers & Managers, Inc. and Graci Insurance Agency, Inc. This judgment was not appealed. The judgment also dismissed Admiral’s intervention against Yosemite.
On appeal, defendant-appellee Yosemite has filed a peremptory exception of no right of action and, alternatively, a peremptory exception of no cause of action. These alternative exceptions are based, respectively, on the grounds that plaintiffs, the Prevosts, are not the true insured for the amount of the alleged loss and have made a full assignment of the rights of intervenor, Admiral, (this constituting the thrust of the exception of no right of action) and that the petition of the plaintiffs fails to disclose a cause of action.
The Prevosts have been paid the full amount of $12,450.00 pursuant to a subro-gation agreement with Admiral Insurance Co. Accordingly, they are dismissed from this suit and Yosemite’s exception of no right of action is maintained. Having thus concluded, we need not address Yosemite’s exception of no cause of action.
Having disposed of the threshold issue of the time factor as to Yosemite’s coverage and having disposed of the peremptory exceptions, we come now to the question of specific obligations in the matter. Inasmuch as the Yosemite contract, issued effective October 22nd, 1975, has been found by us still to have been in effect with regard to the fire occurring about January 19th, 1976, the fire damages occurring at that time are critical to the disposition of this case.
However, the expert presumably testifying as to the damages occurring on that date, while stating that his evaluation was *225 based upon the cost of making the premises livable, admitted that he did not know that there had been at least two other fires on prior occasions other than January 19th, 1976. There is no indication that such previous fires occurred, as did the January 19th, 1976 fire, during the period of Yosemite coverage. There is no indication as to what proportion of the amount of repair needed to “make the premises liveable” is aseribable to the damage caused by the January 19th fire, in contradistinction to possible damage caused by the previous fires and included in the $12,450.00 repair evaluation.
In summary, the record contains insufficient evidence to support any kind of determination as to the extent of the obligation which should be borne by Yosemite as to the fire or fires occurring during its period of contractual coverage. Nor is it possible, consequently, to go any farther into the question of degree of obligation or respective obligations without such clarifying evidence. This court has no other alternative, at this point, except to require that the trial court obtain such evidence and adjudicate the amount to which Admiral as the Prevosts’ assignee is entitled. Accordingly, while reversing the trial court’s judgment for the reasons given earlier, at the same time we remand this matter for further proceedings as indicated.
Accordingly, the judgment of the district court dismissing Admiral’s intervention is reversed and the matter is remanded to the trial court for the purpose of permitting evidence to be offered and to decide in connection with the amount of damages and issues implicit therein. Yosemite’s exception of no right of action is maintained against MARIE HYMES PREVOST, wife of/and MAURICE PREVOST, dismissing them as parties with prejudice.
REVERSED AND REMANDED.